IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IRA BLOOM,<br><br>             Plaintiff<br><br>  v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*<br><br>             Defendants | Civil Action<br>No. 19-21589 (RMB/JS)<br><br>**OPINION** |

**BUMB, District Judge**

    This matter comes before the Court upon Plaintiff Ira Bloom's submission of a civil complaint under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.* (Compl., ECF No. 1.) Plaintiff is a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey.

    Plaintiff has paid the Court's filing fee. When a prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

For the reasons discussed below, the Court will dismiss the complaint.

I.   *SUA SPONTE* DISMISSAL

Courts must liberally construe pleadings that are filed pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

2

the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Complaint

Plaintiff alleges the following facts in his complaint. On April 29, 2008, Plaintiff was sentenced to a 240-month term of imprisonment upon conviction of two counts of murder-for-hire under 18 U.S.C. § 1958(a). (Compl., §13, ECF No. 1.) Plaintiff has never been charged with a sex offense and he was not required to register as a sex offender. (Id., §§14, 15) On July 24, 2018, while Plaintiff was incarcerated at FCI Elkton in Ohio, Warden Merlak ("Merlak") wrote on Petitioner's custody classification form that Plaintiff no longer required a "Greater Severity" public safety

3

security designation based on his conviction under 18 U.S.C. § 1958(a). (Compl., §§16-18, ECF No. 1.) Therefore, Plaintiff would be eligible for transfer to a lower security camp. (Compl., §17.) Thus, on August 6, 2018, staff removed the Greater Severity public safety factor ("PSF") designation from Plaintiff's custody classification. (Id., §20.) Merlack then retired on August 26, 2018. (Id., §25.)

One day after Merlack retired, Plaintiff's case manager, Ms. Rinaldi, informed Plaintiff he would not be transferred to a camp because Case Manager Coordinator Cole ("Cole") had placed a PSF designation of Sex Offender on Plaintiff's custody classification. (Id., §25.) Later that day, Plaintiff spoke to Ms. Cole to find out what had happened. (Id.) Cole replied that "You Jews don't run the B.O.P., we do. You will go to a camp over my dead body." (Id.) Designating Plaintiff with a PSF without a hearing violated the Bureau of Prison's ("BOP") Program Statement 5100.08, Code F. (Id., §31.) Plaintiff concludes that Cole's assessment of his custody classification was motivated by her hatred for Orthodox Jews. (Id., §§25, 26.)

Plaintiff spoke to Acting Warden Mr. Kulik ("Kulik") about Cole's decision concerning his custody classification. (Id., §32.) Kulik told Plaintiff that Cole would not remove the Sex Offender PSF, but it would be removed when Plaintiff was transferred to Fort Dix. (Id., §33.) Dr. Smith, in FCI Elkton's psychology

4

department, treated Plaintiff for panic attacks caused by the "Sex Offender" designation, and she agreed with Plaintiff that the designation was incorrect." (Compl., §34, ECF No. 1.)

Upon his transfer to FCI Fort Dix, Plaintiff met with Warden Ortiz ("Ortiz"), and Ms. Flowers ("Flowers"), Executive Assistant to Warden Ortiz. (Id., §§35-36.) Ortiz and Flowers told Plaintiff the Sex Offender PSF was not applicable to him and would be removed. (Id.) One month later, Flowers told Plaintiff that he had to speak to his case manager, Mr. Chopan ("Chopan") about the custody classification. (Id., §37.) On November 14, 2018, Plaintiff filed an informal resolution form, seeking to have his custody classification changed. (Id., §38.) Chopan refused to remove the Sex Offender PSF because Plaintiff was incarcerated for trying to kill his wife. (Id., §39.)

Plaintiff's custody classification precludes him from transferring to a prison camp and renders him ineligible for home confinement or compassionate release under the First Step Act. (Id., §27.) Having the Sex Offender label has placed Plaintiff "in harms way with actual and threatening of bodily harm to my person on numerous occasions…" (Id., §28.) The BOP Designation and Sentence Computation Center ("DSCC") reviewed Plaintiff's file on August 17, 2018 and applied the Sex Offender PSF, stating "Your Unit Team will NOT remove your PSF for Sex Offender." (Id., §41.) The terms of Plaintiff's sentence to supervised release did not

5

require him to register as a sex offender. (Compl., §§43-46, ECF No. 1.)

Plaintiff filed an FTCA claim with the BOP, Northeast Regional Office. (Id., ¶48.) The basis for Plaintiff's claim was that the Sex Offender PSF was placed on him because he is an Orthodox Jew, in violation of the First Amendment protection against religious discrimination. (Id., §49.) Warden Ortiz, Regional Director J. Ormond and Ian Connors upheld the Sex Offender PSF on Plaintiff, although the designation was motivated by religious animus. (Id., §71.) Plaintiff names Ms. Cole, Ms. Rinaldi, Mr. Kulick, Mr. Ortiz, Mr. Chopan, J. Ray Ormond and Ian Connors as defendants to his Bivens' claims under the First, Fifth, Eighth and Fourteenth Amendments. (Id., ¶¶74, 76.) The Court notes that the BOP is named as a defendant in the caption but not in the body of the complaint. The BOP is not subject to liability under Bivens or the FTCA. See FDIC v. Meyer, 510 U.S. 471, 476-77, 484-85 (1994)(holding that neither a Bivens suit nor an FTCA suit may be brought against a federal agency). Thus, amendment of the claims against the BOP is futile, and those claims will be dismissed with prejudice. Plaintiff also includes Warden Merlak in the caption of the complaint, but names him as a witness. Witnesses need not be included in the caption. Plaintiff also names "The United States and its employees" as defendants to his FTCA claim in the caption of the complaint. The United States is the only proper defendant

6

to the FTCA claim. See generally CNA v. U.S., 535 F.3d 132 (3d Cir. 2008) (describing FTCA). The FTCA claims against the named United States employees will be dismissed with prejudice.

    B.    Bivens Claims

Bivens actions are the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005). To state a claim under Bivens,[1] a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

    1.    First Amendment Claim

Plaintiff's claim that he was discriminated against on the basis of religion does not fit within the Free Exercise Clause of

---

[1] Bivens claims against federal officials must be brought in their individual capacity; Bivens claims against federal officials in their official capacities are precluded by sovereign immunity. See e.g. Lewal v. Ali, 289 F. App'x 515 (3d Cir. 2008).

7

the First Amendment. The First Amendment Free Exercise Clause provides that "'Congress shall make no law ... prohibiting the free exercise [of religion]." Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly United States Court of Appeals, 309 F.3d 144, 165 (3d Cir. 2002) (quoting U.S. Const. amend. I.) Plaintiff has not alleged that designation of a Sex Offender PSF has prohibited him from exercising his religion.

The First Amendment's Establishment Clause is likewise inapplicable here. The Establishment Clause "provides that 'Congress shall make no law respecting an establishment of religion.'" American Legion v. American Humanist Association, 139 S. Ct. 2067, 2080 (2019). Cases under the Establishment Clause generally fall within five categories:

> (1) religious symbols on government property and religious speech at government events; (2) religious accommodations and exemptions from generally applicable laws; (3) government benefits and tax exemptions for religious organizations; (4) religious expression in public schools; and (5) regulation of private religious speech in public forums.

Id. at 2092 (Kavanaugh, J., concurring).

Retaliation claims, however, can arise under the First Amendment. See e.g. Falco v. Zimmer, 767 F. App'x 288, 299 (3d Cir. 2019). The Third Circuit Court of Appeals has determined that Bivens does not provide a prisoner with a remedy for a First Amendment retaliation claim. Jones v. Sposato, 783 F. App'x 214,

8

218 (3d Cir. 2019). Therefore, Plaintiff has failed to state a First Amendment claim.

> 2. <u>Fifth Amendment Due Process and Equal Protection Claims</u>

As a federal prisoner, Plaintiff's equal protection and due process claims fall under the Fifth Amendment rather than the Fourteenth Amendment. <u>See</u> <u>e.g.</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 316 (3d Cir. 2001) "Fifth Amendment equal protection claims are examined under the same principles that apply to such claims under the Fourteenth Amendment." <u>Id.</u> (citing <u>Adarand Constructors, Inc. v. Pena</u>, 515 U.S. 200, 217 (1995) (citations omitted)).

To state a Fifth Amendment equal protection claim, Plaintiff must allege facts indicating that Defendants have treated him differently from a similarly situated party and that the Defendant's "explanation for the differing treatment does not satisfy the relevant level of scrutiny." <u>Real Alternatives, Inc. v. Sec'y Dep't of Health & Human Servs.</u>, 867 F.3d 338, 348 (3d Cir. 2017) (quoting <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439–40 (1985)). "[I]f a statute neither burdens a fundamental right nor targets a suspect class, it does not violate the Fourteenth Amendment's Equal Protection Clause, as incorporated through the Fifth Amendment's Due Process Clause, so long as it bears a rational relationship to some legitimate end." <u>Abdul-Akbar</u>, 239 F.3d at 317 (quoting <u>Romer v. Evans</u>, 517 U.S.

620, 631 (1996)). Plaintiff has not alleged that he was treated differently than a similarly situated prisoner. The Court will also consider whether Plaintiff has alleged a "class of one" equal protection claim.

To state a class of one equal protection claim, a plaintiff must allege that "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Mann v. Brenner, 375 F. App'x 232, 238 (3d Cir. 2010) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008) (quoting Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006)). A plaintiff need not "identify specific instances where others have been treated differently" but without any allegation of similarly situated persons, the complaint does not state a plausible claim. Id. at 244-45. Plaintiff alleged that he was designated with a Sex Offender PSF based on his religion, but has not alleged that he was treated differently than similarly situated prisoners. Plaintiff has failed to state a Fifth Amendment equal protection claim.

Plaintiff also alleges violation of his right to due process, which, as a federal prisoner, falls under the Fifth Amendment. See Dusenbery v. U.S., 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the

10

States, from depriving any person of property without 'due process of law.'") A prisoner does not have a liberty interest protected by the Due Process Clause in his degree of confinement. Day v. Nash, 191 F. App'x 137, 139 (3d Cir. 2006) (citations omitted)). Liberty interests that implicate the Due Process Clause are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Sandin v. Conner, 515 U.S. 472, 484 (1995)). Therefore, Plaintiff has failed to state a Fifth Amendment due process claim.

### 3. Eighth Amendment Failure to Protect Claim

Plaintiff alleges Defendants violated the Eighth Amendment ban on cruel and unusual punishment by labeling him as a Sex Offender, which caused him "actual and threatened" bodily harm.

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff has not alleged facts indicating any defendant was aware of a substantial risk to his safety by designating him with a Sex Offender PSF. Therefore, Plaintiff has failed to state an Eighth Amendment claim against defendants.

11

    C.    <u>FTCA Claim</u>

The Federal Tort Claims Act provides district courts with exclusive jurisdiction over

> civil actions on claims against the United States, for money damages, for … personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Pursuant to 28 U.S.C. § 2675, "an FTCA action 'shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency....'" <u>White-Squire v. U.S. Postal Service</u>, 592 F.3d 453, 457 (3d Cir. 2010) (quoting 28 U.S.C. § 2675(a)). The claim to the appropriate agency must "be finally denied by the agency in writing and sent by certified or registered mail" before a plaintiff may initiate a civil action. 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim." <u>Id.</u> These requirements are jurisdictional. <u>White-Squire</u>, 592 F.3d at 457.

Plaintiff attached a copy of his Federal Tort Claim to the

12

complaint. (Compl., Ex., ECF No. 1-1 at 10-14.) The claim form was signed by Plaintiff on August 1, 2019. (Id. at 10.) The complaint does not allege when the claim was filed, but the earliest date possible was the date Plaintiff signed it, August 1, 2019. (Compl., ¶¶48-49, ECF No. 1.) The complaint does not indicate when or if the BOP made a final disposition of the claim. Courts lack jurisdiction over prematurely filed FTCA actions. McNeil v. U.S., 508 U.S. 106, 112 (1993).

The complaint in this matter was filed on December 19, 2019. This was less than six months after the FTCA claim was filed with the BOP. Therefore, Plaintiff cannot rely on the failure of the BOP to respond within six months to establish the jurisdictional requirement for his FTCA claim. For jurisdiction, Plaintiff must allege facts indicating when the BOP made a final disposition on his claim. Therefore, pursuant to 28 U.S.C. § 2675(a), the complaint fails to state an FTCA claim.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the complaint without prejudice.

An appropriate Order follows.


Date: April 30, 2020

                                                         s/Renée Marie Bumb
                                                         **RENÉE MARIE BUMB**
                                                         **United States District Judge**