**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRA BLOOM,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>Defendants. | Civil Action No. 19-21589 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Ira Bloom's amended complaint. (ECF Nos. 5-6, 8.) As Plaintiff has paid the applicable filing fee and is a prisoner who seeks redress from the employees of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim which is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.      BACKGROUND**

Plaintiff filed his original complaint in this matter in December 2019. (ECF No. 1.) After Plaintiff paid the applicable filing fee, Judge Bumb entered an opinion and order which screened that complaint and dismissed it without prejudice in its entirety. (ECF Nos. 2-3.) As Judge Bumb provided a detailed summary of Plaintiff's factual allegations in that opinion, and as Plaintiff's factual allegations have not significantly changed in his amended complaint, this Court need not

recount those allegations in detail in this opinion. Suffice it to say, in both his original and amended complaint, Plaintiff contends that he was wrongly labeled a sex offender in 2018 by staff of his former prison, that this label followed him upon his transfer as a public safety factor which prevents his transfer to a lower security facility, that staff at Fort Dix did not remove the factor, and that this factor further prevents him from being eligible to various forms of good time credit or movement to home confinement. (*See* ECF No. 5 at 8-15.) Plaintiff also alleges that the failure to correct this label also amounts to a failure by prison staff to protect him as he believes the label places him in danger insomuch as he has had to endure others graffitiing his cell with various sex-crime related insults. (*Id.* at 14-16.)

## II.   **LEGAL STANDARD**

Because Plaintiff is a prisoner who seeks redress from employees of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

2

complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his amended complaint, Plaintiff seeks to raise two federal civil rights claims pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971): a claim alleging that prison officials denied him Due Process in labeling him with the sex offender public safety factor as it prevents his movement to a lower security facility and renders him ineligible to earn certain additional good time credits through the First Step Act, which had neither been passed nor gone into effect at the time Plaintiff received the sex offender label, and a claim in which he asserts that Government officials failed to protect him from potential harm in failing to remove the sex offender label. Turning first to the latter claim, and as Judge Bumb explained to Plaintiff in her original screening opinion, a prisoner seeking to raise a claim of failure to protect must allege facts indicating that prison officials knew of and disregarded an excessive risk to inmate health or safety,

and that such a showing requires allegations indicating that the defendants were aware of facts which would lead to an inference that a substantial risk of serious harm exists and actually drew that inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Although Plaintiff pleads that his cell has been vandalized with graffiti, he alleges no facts indicating that he himself has been placed in an excessive risk of harm to his health or safety, nor that Defendants are aware of any facts which would lead them to conclude that such a risk exists. While Plaintiff's cell and surrounding area being vandalized is certainly unfortunate, it is not indicative of a clear, excessive risk to his health or safety, especially in the absence of any threats to his physical safety or incidents of threatened or actual violence against him. Plaintiff has therefore failed to plead any facts showing that Defendants were aware of an excessive risk to his safety or health, and Plaintiff has therefore failed to plead a plausible failure to protect claim. *Id.* Plaintiff's failure to protect claim is therefore dismissed without prejudice.

In his remaining claim, Plaintiff contends that he was denied Due Process when he was labeled with the sex offender public safety factor without an opportunity to be heard, relying on the Third Circuit's decision in *Renchenski v. Williams*, 622 F.3d 315 (3d Cir. 2010). Plaintiff's reliance on *Renchenski*, however, is entirely misplaced. In *Renchenski*, the Third Circuit did hold that a state could not subject a prisoner to a sex offender label which was accompanied by *mandatory* sex offender treatment without providing minimal Due Process protections, that holding was entirely dependent upon the fact that inflicting mandatory sex offender treatment upon a prisoner without Due Process would deprive a prisoner of his liberty interest to be free from enforced mental health treatment. *Id.* at 326-28. Plaintiff does not allege that he has been forced to undergo sex offender treatment, and *Renchenski* is therefore inapplicable to his claims.

Instead, Plaintiff presents two species of Due Process claim – a claim asserting that he is rendered ineligible to a transfer to a lower security form of confinement as a result of his sex

4

offender label, and a claim asserting that he is being denied the opportunity to earn additional good time credits under the First Step Act because he was given that label several years before the Act was passed. As Judge Bumb explained to Plaintiff previously, a prisoner does not have a protected liberty interest protected by the Due Process Clause in his degree or level of confinement. *Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (only deprivations of liberty which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" will give rise to a Due Process claim). That Plaintiff may not transfer to a lower security facility therefore fails to set forth a proper basis for a Due Process claim, and any claim premised on that barrier is dismissed without prejudice.

Plaintiff's inability to earn additional good time credits likewise fails to serve as a valid basis for a Due Process claim. While prisoners do have a liberty interest in retaining those good time credits they have already earned, *see, e.g., Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974), prisoners have no constitutionally protected liberty interest in an opportunity to earn additional good time or similar credits. *Rowe v. Fauver*, 533 F. Supp. 1239, 1245 (D.N.J. 1982); *Rodriguez-Ramos v. Federal Bureau of Prisons*, No. 14-3942, 2015 WL 6082300, at *7 (D.N.J. Oct. 15, 2015); *Drisco v. Williams*, No. 13-1144, 2015 WL 5097790, at *8 (D.N.J. Aug. 27, 2015); *Colon v. Zickefoose*, No. 12-3433, 2013 WL 6497957, at *6 (D.N.J. Dec. 11, 2013) (prisoner has "no liberty interest *in the opportunity to earn* good conduct time," emphasis in original); *see also Monroe v. Bryan*, 487 F. App'x 19, 21 (3d Cir. 2012) (loss of eligibility to earn good time credits too attenuated to amount to protected liberty interest absent the loss of any previously earned credits). While Plaintiff's allegedly improper labeling prevents him from having the opportunity to earn additional credits is understandably frustrating, it does not give rise to a liberty interest sufficient to support a Due Process claim, and his claim premised on that basis must be dismissed

5

without prejudice.¹ As all of Plaintiff's claims shall be dismissed without prejudice, Plaintiff's amended complaint is dismissed without prejudice in its entirety for failure to state a claim for which relief may be granted.

### IV.  CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

                                                                                  _____
                                                                                  Hon. Karen M. Williams,
                                                                                  United States District Judge

---

¹ This Court also notes, as did Judge Bumb in an order permitting Petitioner to supplement his amended complaint (*see* ECF No. 7), that all of the allegedly improper acts – labeling Petitioner a sex offender – entirely predated the First Step Act and the other statutes from which Petitioner believes he is being prevented from benefitting. The loss of these benefits was thus not a direct result of Defendants alleged actions, but instead collateral consequences of alleged bad acts completed several years before the statutes in question went into effect.